HOUSTON ELECTRIC COMPANY v. FRANK A. LAWSON BY NEXT FRIEND.

Decided November 18, 1904.

**1.—Action for Personal Injuries—Refusal to Submit to Examination—Evidence.**

While a plaintiff in a personal injury suit may refuse to submit to an examination, the fact of such refusal is admissible in evidence as a circumstance tending to discredit his claim as to the extent of his injuries.

**2.—Same—Weight of Evidence.**

Although a plaintiff may have good reasons for refusing to submit to an examination, such reasons affect the weight and not the admissibility of the refusal as evidence against him.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Baker, Botts, Parker & Garwood* and *C. R. Wharton.* for appellant.

*Hume & Hume* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee Frank H. Lawson as next friend for his minor son, Frank A. Lawson, instituted this suit against the appellant to recover damages for personal injuries to said minor alleged to have been caused by the negligence of appellant.

Plaintiff's petition charged in substance that on July 30, 1903, the child, Frank A. Lawson, was upon a car of Houston Electric Company, in charge of a nurse, when said car collided with another car of the defendant with tremendous force, throwing the child forward against the door of the car and the metal handhold of the door, depressing and indenting its skull, compressing the brain and producing concussion of the brain, injuring him internally and in every part of his organs, members, limbs and body; that the injury has retarded his growth and advancement, and that he has become permanently disabled and rendered subject at any time during his life to the reasonable probability of attacks of epilepsy, neurasthenia and excessive nervousness and mental and physical incapacity and the injurious effects thereof.

After general denial and plea of not guilty, the defendant especially answered charging that said infant child was within the control of its father, Frank H. Lawson, who was prosecuting the suit, and that the defendant had been unable to procure any information with reference to the nature and extent of the child's injuries, and charging that it had good reason to believe that the child had received no serious injuries whatever, and asked that the court appoint a committee of physicians who were entirely disinterested, to the end that they make an examination of the child and report the result of this examination to the court, to be given in testimony on the trial of the cause.

On motion of the plaintiff this paragraph of the defendant's answer was stricken out. Thereafter the defendant filed a motion requesting the appointment of a committee of physicians to examine said infant plaintiff, which motion was supported by affidavit. This motion was overruled.

The trial in the court below resulted in a verdict and judgment in favor of plaintiff in the sum of $2,500. In so far as it bears upon the question decided in this opinion the evidence is as follows: On July 30, 1903, the minor, Frank A. Lawson, who was then 9 months old, was thrown from his nurse's arms against the door of one of appellant's street cars in which he was riding and was thereby painfully bruised and injured. The accident was caused by a collision between the car in which the minor was riding and another car upon appellant's street railway. On August 4, 1903, Dr. R. T. Morris, a physician selected by the appellant, assisted by Dr. Wagner, who was plaintiff's physician, and had been called to see the child the morning after it was injured, made an examination for the purpose of ascertaining the extent of its injuries. This examination was made at the instance of appellant and with the consent and approval of appellee, Frank H. Lawson. These physicians, after making the examination, reported to appellant that

the child was then perfectly well. This report was in writing and was signed by both physicians. On the trial in the court below appellee, Frank H. Lawson, and other witnesses called by him testified that the baby had never recovered from the effect of its fall; that he cries a great deal, does not sleep well at night, and requires almost constant attention; that his health has been very bad ever since he was hurt, and his physical and mental development greatly retarded. Dr. Wagner and Dr. Williams, who testified for plaintiff, say that there is an indentation in the child's skull which probably compresses the brain and that there is a reasonable probability that he may at some time in the future suffer from epilepsy or neurasthenia as a result of his injuries. Dr. Morris did not, when he examined the child five days after its injury, discover any depression in his skull. Frank H. Lawson, the nurse and a Mrs. Chandler, who saw the child just after it was injured, all say that there was a dent in his skull from an inch to two inches long and large enough to place one's finger in. The child was not brought into court during the trial and appellant has had no opportunity to have it examined since the examination made by Dr. Wagner and Dr. Morris, but it was not shown that any request was made of Frank H. Lawson to have the child examined a second time by physicians appointed by the court or selected by the appellant other than the filing of the motion before mentioned. This motion is as follows:

"Comes now the defendant, the Houston Electric Company, and suggests to the court, that in this case the plaintiff has been allowed to plead generally the injuries which it is claimed have been sustained and the pleading is so drawn as to permit proof of injury in every part or member and portion of the body, both external and internal; that the defendant has excepted to the pleading because of its being too general, vague and indefinite, which exception has been, by the court, overruled; that the plaintiff in this case is an infant, about one year old, and that it is wholly within the control of its father, Frank H. Lawson, who is prosecuting this suit; that the defendant has been unable to obtain any information with reference to the nature and extent of the injuries which it is claimed the child is now suffering from; that the plaintiff, Frank H. Lawson, the father of said child, has made various and conflicting and contrary statements to the representatives of the defendant as to the injuries which said child has sustained, and that defendant believes, and has good reason to believe, that the child has suffered no serious injury whatever, but the said Frank H. Lawson is attempting to magnify and exaggerate and misrepresent the injuries which the child sustained, for the purpose of increasing and assisting in this claim for damages in this suit. Defendant further represents to the court that the only way to ascertain whether or not the child has sustained the injuries complained of in plaintiff's petition is to have said child examined by competent and reputable physicians for that purpose.

"Wherefore defendant prays that this court appoint a committee of three reputable physicians who are entirely disinterested in the present suit, and have no bias or interests in favor of any of the parties hereto, and that these physicians be required to make an examination of the child, and report the result of their examination into the court, to be

given in testimony on the trial of this cause, for the purpose of aiding the jury in arriving at the nature and extent of the injuries, if any, which the child has sustained. (Signed) M. D. Fields.

"Sworn to and subscribed by M. D. Fields, before me, the undersigned notary public, this the 27th day of November, A. D. 1903. [Seal] W. H. Kimbrough, Notary Public, Harris County, Texas."

Upon the trial the appellant offered to prove that it had made a motion to have the court appoint a committee of physicians to examine the child to ascertain the extent of its injuries and that plaintiff, Frank H. Lawson, would not agree to the granting of said motion. Appellee objected to this proof being made and the court sustained the objection and would not allow appellant to show that the motion had been made and that appellee had declined to agree that it be granted.

We think it clear under the ruling in the case of Austin & N. W. Ry. Co. v. Cluck, 97 Texas, 172, that the trial court erred in excluding this evidence.

The extent of the child's injuries and their reasonable, probable effect upon its future health were put in issue by the evidence. Upon these issues no testimony would be as satisfactory as the opinion of competent and disinterested physicians who had made a thorough examination of the child. This source of information was closed by the refusal of the plaintiff to submit to an examination and the want of power in the court to compel such examination. When a plaintiff in a case of this character refuses to submit to an examination the fact of such refusal is a circumstance tending to discredit his claim as to the extent of his injuries and is admissible in evidence for that purpose. Of course there might in many cases of personal injury be reasons for a refusal by the plaintiff to submit to an examination which would greatly weaken if not wholly destroy the effect of such refusal as evidence, but the refusal and the reason, if any, given therefor by the plaintiff, are facts to go to the jury and must be weighed by them.

The filing of the motion above set out and which was resisted by appellee was in effect a request of appellant to permit an examination of the child by physicians appointed by the court. Appellee had a perfect right to resist this motion and the trial court properly refused to grant it over his objection. The charge in the motion that appellee is attempting to conceal and misrepresent the condition of the child might be a reason for his refusal to consent that the motion be granted which would weaken the effect of his refusal to agree to said examination, but this only affects the weight, not the admissibility, of the proferred evidence.

We deem it unnecessary to discuss any of the other assignments of error contained in appellant's brief. If any error is shown by any of said assignments it is not such as is likely to occur upon another trial.

Because of the error in refusing to permit the appellant to show that appellee had declined to agree to the motion to have an examination made of the injured child by physicians appointed by the court, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*